UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE GAGE CORDERICK,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, C.S.P. Solano,<br><br>Respondent. | No. 1:24-cv-00546-HBK (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>THIRTY (30) DAY DEADLINE |

Petitioner Dewayne Gage Corderick, a state prisoner, is proceeding pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on March 29, 2024, and transferred to the Eastern District of California on May 9, 2024. (Doc. No. 1). A preliminary screening of the petition reveals that it fails to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. Therefore, the Court will afford Petitioner an opportunity to file an amended petition before recommending dismissal of this action.

**DISCUSSION**

**A. Preliminary Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**B. Rule 2(c)**

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . .." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

To the extent discernable, the Petition asserts a single ground for relief: violation of his "fair trial rights" under the Sixth Amendment and right to due process under the Fourteenth Amendment. (Doc. No. 1 at 5). Attached to the Petition is (1) a pleading seemingly directed to the Kern County Superior Court and the California Supreme Court captioned "Petitioner is under an unauthorized sentence form two 12022.5 enhancements CT-5 and CT-6 enhancement portion of abstract of judgment denied 1343 rts [sic] and denied 620 rights" signed on March 13, 2024; and (2) a "memorandum of points and authorities" outlining five "arguments" presumably in support of the ground for relief, also signed on March 13, 2024. (*Id*. at 11-27).

While Petitioner did submit his petition on the proper form, the Court may limit its review

of the petition for relief to the information on the form <u>only</u> and need not consider any memoranda or attachments to the petition. *See* Rule 2(c), Rules Governing § 2254 Cases. Although Petitioner may submit a separate memorandum to support his petition for relief, the Court's application form must provide the court with all ground(s) for relief and the facts supporting his ground(s) as required under Rule 2(c). Petitioner is hereby notified that for this Court to review his application, he must refile his petition on the proper form and include all necessary information on the form. The Court will not attempt to identify Petitioner's claims or elicit facts in support of Petitioner's claims from his attachments to the form.

Consequently, Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies if he is able. Petitioner is advised that the First Amended Petition will supersede his petition and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). Thus, the First Amended Petition must be free-standing, *i.e.* it must be <u>complete</u> without reference to the prior petition or any superseded pleading, and must include <u>all</u> grounds for relief and supporting facts. *See also* Local Rule 220. The Court does not accept piecemeal pleadings.

Accordingly, **IT IS ORDERED**:

1. The Petition (Doc. No. 1) is DISMISSED with leave to amend.
2. Petitioner is GRANTED **thirty days (30)** from the date of service of this Order in which to file a First Amended Petition.
3. The Clerk of Court shall provide Petitioner with a habeas corpus § 2254 form with this Order for Petitioner's use in preparing his First Amended Petition.
4. If Petitioner fails to timely file a First Amended Petition the undersigned will recommend the Court dismiss the petition for the reasons set forth above and/or for Petitioner's failure to prosecute this action.

Dated:    June 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE