UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE GAGE CORDERICK,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, C.S.P. SOLANO,<br><br>Respondent. | Case No. 1:24-cv-00546-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>(Doc. No. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Dewayne Gage Corderick is a state prisoner proceeding pro se on his petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"), which was transferred by the Northern District of California to this Court on May 9, 2024. (Doc. Nos. 1, 9). On June 26, 2024, the Court conducted a preliminary review of the Petition and determined that the Petition failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases. (Doc. No. 12). Specifically, the Petitioner identified the following ground for relief: "violation of petitioner ['s] 6th fair trial rights" and "due process," but failed to include any facts or additional information supporting his ground(s) for relief as required under Rule 2(c) of the Rules Governing Section 2254 Cases. (Doc. No. 1 at 5). Petitioner also denied raising the ground on direct appeal, or in

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1   any collateral state petition. (*Id*.). The Court afforded Petitioner an opportunity to file an
2   amended petition within thirty days and provided him with the proper form. (Doc. No. 12). On
3   July 26, 2024, the Court granted Petitioner an extension of time, and directed him to file his First
4   Amended Petition no later than August 26, 2024. (Doc. No. 14). Petitioner has not filed a First
5   Amended Petition, and the deadline to do so has passed. The Court duly warned Petitioner that if
6   he failed to file an amended petition, the undersigned would recommend that the Petition be
7   dismissed for the above reasons and/or for his failure to prosecute this action. Therefore, the
8   undersigned recommends the district court dismiss this action without prejudice.

## I. APPPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## II. ANALYSIS

The undersigned considers the above-stated factors and concludes the majority of the

above factors favor dismissal in this case. The expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated. This court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, it operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a respondent. *See Sibron v. New York*, 392 U.S. 40, 57 (1968).

As to the fourth factor, a preference to rule on the merits usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). Here, the Petition is facially deficient. As noted in the Court's previous Order, the Petition fails to identify all the ground(s) for relief and state facts to support those ground(s) for relief, on the form itself without reference to memoranda or attachments, as required under Rule 2(c).[2]  (*See generally* Doc. No. 1; Doc. No. 12 at 3 (noting Petitioner may submit a separate memorandum to support the petition for relief, but the court's application form must provide all

---

[2] As noted in the Court's previous order, the attachments to the Petition include an assortment of possible grounds for relief not referenced on the Petition form, including (1) a pleading seemingly directed to the Kern County Superior Court and the California Supreme Court captioned "Petitioner is under an unauthorized sentence from two 12022.5 enhancements CT-5 and CT-6 enhancement portion of abstract judgment denied 1343 rts and denied 620 rights" signed on March 13, 2024 and (2) a "memorandum of points and authorities" outlining five "arguments" seemingly in support of that pleading, also signed on March 13, 2024. (Doc. No. 12 at 2 (citing Doc. No. 1 at 11-27)).

grounds for relief and facts as required under Rule 2(c)). Thus, Petitioner has not presented a matter on the merits for the Court to consider. Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice. And finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternative" requirement. *See Ferdik*, 963 F.2d at 1262. The Court's previous Order expressly warned Petitioner that if he failed to respond, the undersigned would recommend the district court dismiss the Petition. (Doc. No. 12 at 3, ¶4). Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

This case be dismissed without prejudice for failure to prosecute and/or comply with a court order.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   October 1, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE