UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE GAGE CORDERICK,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, C.S.P. SOLANO,<br><br>Respondent. | Case No.: 1:24-cv-00546-KES-HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Docs. 1, 16 |

Petitioner Dewayne Gage Corderick is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, and found the petition failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases because it did not state the supporting facts for his sole ground for relief. Doc. 12. While Petitioner did state some facts in a "Memorandum of Points and Authorities" attached to his petition, his petition indicates that he failed to raise the ground on direct appeal or in a collateral state petition, as noted by the magistrate judge. The magistrate judge provided Petitioner with the opportunity to file an amended petition; however, despite receiving an extension of time to August 26, 2024, Petitioner has not filed an amended petition.

1  Docs. 12, 14.  On October 1, 2024, the magistrate judge issued findings and recommendations
2  recommending that the petition be dismissed for failure to prosecute.  Doc. 16.  Those findings
3  and recommendations were served on Petitioner and contained notice that any objections thereto
4  were to be filed within fourteen (14) days after service.  Petitioner has not filed objections, and
5  the deadline to do so has expired.

6  In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
7  novo review of the case.  Having carefully reviewed the file, the Court concludes that the
8  magistrate judge's findings and recommendations are supported by the record and by proper
9  analysis.  The Court adopts the findings and recommendations and dismisses the petition without
10 prejudice.

11 Having found that petitioner is not entitled to habeas relief, the Court now turns to
12 whether a certificate of appealability should issue.  *Wilson v. Belleque*, 554 F.3d 816, 825 (9th
13 Cir. 2009).  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a
14 district court's denial of his petition, and an appeal is allowed only in certain circumstances.
15 *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  Where, as here, the Court
16 denies habeas relief on procedural grounds without reaching the underlying constitutional claims,
17 the Court should issue a certificate of appealability "if jurists of reason would find it debatable
18 whether the petition states a valid claim of the denial of a constitutional right and that jurists of
19 reason would find it debatable whether the district court was correct in its procedural ruling."
20 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the
21 district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude
22 either that the district court erred in dismissing the petition or that the petitioner should be
23 allowed to proceed further."  *Id.*

24 In the present case, the Court finds that reasonable jurists would not find the Court's
25 determination that the petition should be dismissed debatable or wrong, or that petitioner should
26 be allowed to proceed further.  Therefore, the Court declines to issue a certificate of appealability.
27 ///
28 ///

Based upon the foregoing,

1. The findings and recommendations issued on October 1, 2024, Doc. 16, are adopted in full;
2. The petition for writ of habeas corpus, Doc. 1, is dismissed; and
3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   November 17, 2024

_____
UNITED STATES DISTRICT JUDGE